UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JOSHUA A. GRUBB                                                                                    PLAINTIFF

v.                                                           CIVIL ACTION NO. 5:24-CV-P69-JHM

COOKIE CREWS *et al.*                                                                         DEFENDANTS

**MEMORANDUM OPINION**

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

I.

Plaintiff Joshua A. Grubb is incarcerated as a convicted prisoner at Kentucky State Penitentiary (KSP). He brings this action against the Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews, KDOC Interim Deputy Commissioner Scott Jordan, KSP Interim Warden Laura Plappert, KSP Unit Administrator Lauren Massey, and KSP Unit Administrator Lauren L. Fisher. Plaintiff sues these Defendants in both their official and individual capacities.

Plaintiff alleges that he was placed in KSP's Restrictive Housing Unit (RHU) for an "administrative control cycle" on August 28, 2023, upon the recommendation of Defendant Fisher. He states that Defendant Fisher "redone my AC hearing without me present or to my knowledge on August 28, 2023, when initial hearing was August 11, 2023." Plaintiff asserts that on December 5, 2023, "COCC recommended me to continue a AC cycle of 90 more days but was forced to do a transition program where I was told by [Defendants Massey and Fisher] I would have an indefinite amount of time of hole time if I didn't participate." Plaintiff continues, "The write-ups

used to place me on this status are in fact not legal and are unenforceable . . . . My hole time on write-ups was up at end of August 2023 and I've been held in segregation due to the transition program and won't get out until June 2024." Plaintiff also states that "every 30 days we as inmates are to be pulled out and have an administrative review that is not being done. We are to be givin the chance to explain why we shall be released off this administrative control status."

Plaintiff further alleges that inmates are not allowed items which they "are supposed to have in restrictive housing" and that he has not had hot water for showers for the last two months. He also states that he is being denied inmate visitation through video even though "the schedule states we are allowed to have them." Plaintiff concludes by stating that "KSP is enforcing illegal disciplinary write-ups to hold people in segregation and make them participate in programming that keeps us in the hole/segregation for a up to a year or more in the hole."

As relief, Plaintiff requests damages and that the Court order the KDOC to "end this Administrative Control Status from being used on prisoners" and "also make parties follow and enforce CPP's and procedures."[1] Plaintiff requests the same injunctive relief in his motion for a preliminary injunction (DN 6).

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

---

[1] CPP is the abbreviation for KDOC's Policies and Procedures.

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And a court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require a court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate

3

seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. Gomez v. Toledo, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Eighth Amendment

The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (internal quotations omitted). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, (1981). Conditions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id*.

Placement in segregation is a routine discomfort that is "part of the penalty that criminal offenders pay for their offenses against society." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). For this reason, the Sixth Circuit has held that placement in segregation generally does not constitute an Eighth Amendment violation. *Harden-Bey v. Rutter*,

524 F.3d 789, 795 (6th Cir. 2008) (citation omitted) (confinement in administrative segregation for "three years and running" fails to state an Eighth Amendment claim). Moreover, although it appears that Plaintiff may have been denied certain privileges in segregation, absent a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *Bishawi v. Northeast Ohio Corr. Ctr.*, 628 F. App'x 339, 345-46 (6th Cir. 2014) (holding that "loss of certain privileges while in segregation [is] insufficient to support an Eighth Amendment claim") (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)); *see also Montgomery v. Hardin Cnty. Det. Ctr.*, No. 3:19-CV-792-CHB, 2020 U.S. Dist. LEXIS 17926, at *6 (W.D. Ky. Jan. 31, 2020) ("Plaintiff's allegation that he has been placed in segregation with another inmate for several months, with only one hour 'out' a day, and has lost his 'privileges'" does not rise to an Eighth Amendment claim).

Moreover, Plaintiff's allegation that he has not had hot water for two months also fails to state an Eighth Amendment claim. *See, e.g., Hopkins v. Klindworth*, 556 F. App'x 497, 499 (7th Cir. 2014) ("The district court . . . properly dismissed Hopkins's claims relating to the absence of hot water in his cell. Prisoners do not have a constitutional right to hot water under the Eighth Amendment."); *Preston v. Smith*, 750 F.2d 530, 534 (6th Cir. 1984) (no Eighth Amendment violation where prisoner alleged that his segregation cell lacked a mattress and hot water); *Hall v. Thompson*, No. 16-476, 2016 U.S. Dist. LEXIS 163535, at *29 (W.D. Ky. Nov. 28, 2016) (ruling that three-month lack of hot water was not a constitutional violation); *Starnes v. Green Cnty. Sheriff's Dep't*, No. 08-244, 2010 U.S. Dist. LEXIS 52139, *12 (E.D. Tenn. May 26, 2010) ("The lack of hot water was a temporary inconvenience and is not something which society is unwilling to tolerate. After all, society does tolerate this condition since, even in the free world, hot water interruptions occur . . . .").

For these reasons, the Court will dismiss any Eighth Amendment claim brought by Plaintiff for failure to state a claim upon which relief may be granted.

### B. Fourteenth Amendment

The Court also construes the complaint as asserting a Fourteenth Amendment procedural due process claim based upon Plaintiff's allegations that he has been in the RHU on administrative control status since August 2023 and will remain there until June 2024 because Defendant Fisher had a hearing in August 2023 at which he was not present and because the write-ups used to keep him in segregation are "illegal."

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of procedural due process claims involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

To determine whether segregation of an inmate from the general prison or jail population involves the deprivation of a liberty interest protected by the Due Process Clause of the Fourteenth Amendment, the Court must determine if the segregation imposes an "'atypical and significant' hardship on the inmate 'in relation to the ordinary incidents of prison life.'" *Jones v. Baker*, 155 F.3d 810, 811 (6th Cir. 1998) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). In *Sandin*, the Supreme Court concluded that placement in segregation for 30 days did not impose an atypical and significant hardship. *Id.* The Sixth Circuit has held that more than one year in placement in

6

administrative segregation did not implicate a prisoner's due process rights. *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Instead, generally only periods of segregation lasting for several years or more have been found to be atypical and significant. *See, e.g.*, *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (concluding that thirteen years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (finding that eight years of segregation implicates a liberty interest). Here, Plaintiff alleges that, at the most, he will be in administrative segregation from August 2023 until June 2024 and that a committee reviewed his status in December 2023.

Moreover, although Plaintiff also claims that he has been deprived of visitation while in administrative segregation, this allegation fails to show that he has suffered an atypical and significant hardship. *See, e.g.*, *Johnpillai v. Chambers-Smith*, No. 22-3708, 2022 U.S. App. LEXIS 535, at *6 (6th Cir. Jan. 10, 2023) (holding that a two-year visitor restriction is not an "atypical and significant hardship[s]" because prisoners do not have a protected liberty interest in visitation) (citing *Sandin*, 515 U.S. at 484; *Bazzetta*, 430 F.3d at 804-05; *Jarrett v. Greene*, No. 1:22-CV-456, 2022 U.S. Dist. LEXIS 193839, at *33 (S.D. Ohio Oct. 24, 2022) (finding that prisoners do not have a liberty interest in visitation, phone, commissary, or television privileges, and loss of these privileges "d[id] not impose an atypical and significant hardship") (citations omitted)

In light of this jurisprudence, the Court concludes that Plaintiff has failed to state a Fourteenth Amendment procedural due process claim regarding his placement in the RHU on administrative control status.

### C. Failure to Follow Prison Policy

Plaintiff also alleges throughout the complaint that Defendants failed to follow various prison policies. Indeed, as stated above, in his motion for a preliminary injunction, he asks the Court to "make parties follow and enforce CPP's and procedures." The failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin*, 515 U.S. at 481-82; *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation); *White v. Perron*, No. 2:20-cv-247, 2021 U.S. Dist. LEXIS 163407, at *9 (W.D. Mich. Aug. 30, 2021) ("Courts have routinely recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure." (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)).

Thus, these claims must also be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action for failure to state a claim upon which relief may be granted.

Date: May 29, 2024

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

8